Janet M. WOOD, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

CITY OF SAN DIEGO;  et al., Defendants–Appellees.

No. 05–55196.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed April 6, 2007.

Michael A. Conger, Esq., Rancho Santa Fe, CA, for Plaintiffs–Appellants.

David B. Hopkins, Esq., Robert P. Allenby, Sullivan, Hill, Lewin, Rez and Engel, San Diego, CA, for Defendants–Appellees.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Janet M. Wood, a long-time employee of the City of San Diego ("City"), brought suit against the City alleging that the Surviving Spouse Benefit portion of the City's retirement plan violates 42 U.S.C. § 2000e–2 ("Title VII") and Cal. Gov't.Code § 12940(a) because it discriminates on the basis of both gender and marital status. The district court, acting *sua sponte,* dismissed Wood's Title VII claim for lack of standing and declined to continue to exercise supplemental jurisdiction over the remaining state law claim. This appeal followed. We reverse and remand.

## I. Standing

▪ We find that the district court did not violate Wood's due process rights by *sua sponte* raising and then ruling on the standing issue without providing Wood an opportunity to respond. Nevertheless, we emphasize that the preferred practice for district courts is to afford parties an opportunity to be heard (through an Order to Show Cause or otherwise) on any basis the court invokes *sua sponte.* This is particularly true where the *sua sponte* ruling results in a dispositive order. As this case demonstrates, district courts should always make every effort to afford the parties such an opportunity.

▪ The City's motion for summary judgment focused on exhaustion and release, only marginally on failure to state a

claim, and not at all on standing. Neither side was alerted to the need to present evidence or argument about the concreteness or redressability of Wood's injury. A record lacking development can lead the district court into error and leave us without a basis for meaningful appellate review. *Cf. RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1056 (9th Cir.2002) (remanding to allow plaintiff to respond to court of appeals' *sua sponte* suggestion of lack of standing because "the record is not adequately developed"). This is what happened here.

On this record we are unable to accept the district court's reasons for concluding that Wood suffered no injury at all. Wood is female, was unmarried at retirement, and claims (among other things) that unmarried retirees, who are disproportionately female, are given back only their own contributions (plus interest) to the plan—either as a lump sum or its actuarial equivalent in an annuity—but not the city's contribution. Also, there is evidence of a $1.5 million difference between benefits paid to married and unmarried retiree households. It may well be that Wood cannot actually prove non-speculative, gender-based injury, but we cannot say on this record that as a matter of law she lacks standing to try.

In addition, the district court's conclusion that Wood's injury is too speculative turned on what it believed to be the "Achilles's heel" of Wood's claim—her failure to plead or prove whether she received a lump sum payment. In fact, it appears from the record that she opted for the annuity. We express no opinion on whether this makes any difference for purposes of demonstrating standing, but it does un-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dermine a central premise of the district court's analysis.

Further, the district court faulted Wood for failing to offer any explanation of causation or to adduce any evidence in regard to whether her injury was too speculative. However, responding to the City's motion did not require her to do so. Finally, the district court noted that the *complaint* described Wood's injuries in abstract terms. If the City (or the court *sua sponte*) had successfully pursued the issue of standing at the pleading stage, we assume that leave to amend would have been granted in the ordinary course. Here, none was, leaving Wood with allegations that she did not expect the court to find deficient and that she had no opportunity to cure. At oral argument, Wood's counsel represented that he had a regression analysis in hand and perhaps other evidence that could cure these defects if given a chance to present them.

Accordingly, we reverse and remand. If the district court determines to pursue the standing issue *sua sponte*, then it should afford both parties the opportunity to develop a factual and legal record.

Because we reverse judgment on the federal claim, we vacate dismissal of the state law claim as well.

## II. Exhaustion of Administrative Remedies

■ We reject the City's argument in the alternative that Wood failed to exhaust her administrative remedies. Wood received a Notice of Case Closure from the Department of Fair Employment and Housing ("DFEH") on September 22, 2003, which notified her that "the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,

whichever is earlier." We find that Wood's alleged injury occurred when she entered the DROP program on August 2, 2003, and became eligible for retirement benefits. Before that date, she did not have a legally cognizable disparate impact claim based on the Surviving Spouse Benefit because her eligibility for that benefit was not yet determined.

Because the 300–day deadline was not triggered until Wood suffered the alleged injury on August 2, 2003, the 30–day deadline from the time of receipt of the Notice of Closure is the relevant time period for exhaustion purposes in this case. In order to exhaust her administrative remedies, Wood had to file a charge with the EEOC by October 22, 2003. Wood met this requirement by filing an Intake Questionnaire on September 18, 2003. *See Casavantes v. Cal. State Univ., Sacramento,* 732 F.2d 1441, 1442 (9th Cir.1984). Thus, we find that Wood properly exhausted her administrative remedies before filing this suit.

The parties shall bear their own costs.

**REVERSED IN PART; VACATED IN PART; AND REMANDED.**